IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| PAUL SINGH, ) | Civil Action No. 4:07-1834-HFF-TER |
| Plaintiff, ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| JOHN OZMINT, SCDC DIRECTOR; and ) | |
| DR. NFN BENOIR, SCDC PHYSICIAN KCI, ) | |
| OF MENTAL HEALTH, ) | |
| Defendants. ) | |

Plaintiff, appearing *pro se*, filed this action under 42 U.S.C. § 1983[1] on July 6, 2007, alleging that his constitutional rights were violated.

On January 15, 2008, defendants filed a motion for summary judgment. Because plaintiff is proceeding pro se, he was advised on or about January 16, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On January 22, 2008, plaintiff filed a notice of change of address stating that due to a deportation order by Immigration he would no longer be at the Stewart Detention Center in Georgia. (Document # 38). Therefore, the Roseboro Order of January 16, 2008, was re-mailed to the new address in Spain on January 29, 2008. (Document #38). Plaintiff has failed to file a response.

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the Court. <u>Ballard v. Carlson</u>, 882 F.2d 93 (4th Cir. 1989), <u>cert</u>. <u>denied</u> 493 U.S. 1084 (1990) and <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the Court is required to consider four factors:

(1)  the degree of plaintiff's responsibility in failing to respond;

(2)  the amount of prejudice to the defendant;

(3)  the history of the plaintiff in proceeding in a dilatory manner; and,

(4)  the existence of less drastic sanctions other than dismissal.

<u>Davis v. Williams</u>, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding <u>pro se</u> so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendants' motion for summary judgment or the Court's Order requiring him to respond. The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II.  CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant

to Fed. R. Civ. Proc. 41(b).

                                Respectfully submitted,

                                s/Thomas E. Rogers, III
                                Thomas E. Rogers, III
                                United States Magistrate Judge

May 1, 2008
Florence, South Carolina

    **The parties' attention is directed to the important information on the attached notice.**